**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* ______ Chapter **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**4/16**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **F+W Media, Inc.** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | F+W, a Content + eCommerce Company. The following entities were merged into the Debtor in the last 8 years: Catalyst Aspire Holdings Corporation, Frontenac Aspire Holdings Corporation, Aspire Media, LLC, Aspire Operations, LLC, and Interweave Press, LLC. |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **20-2955953** |

**4. Debtor's address**

**Principal place of business**

**1140 Broadway**
**New York, NY 10001**
Number, Street, City, State & ZIP Code

**New York**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

**10151 Carver Road**
**Suite 200 Blue Ash, OH 45242**
Number, Street, City, State & ZIP Code

**5. Debtor's website** (URL) ______

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: ______

Debtor **F+W Media, Inc.** Case number (*if known*) ____
Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5111**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District ____ When ____ Case number ____
District ____ When ____ Case number ____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

- ☐ No
- ☒ Yes.

Debtor *See* Schedule 1 Relationship ____
District ____ When ____ Case number, if known ____

Debtor **F+W Media, Inc.**
Name

Case number (*if known*)

**11. Why is the case filed in *this district?***

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**
**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **F+W Media, Inc.**
Name

Case number (*if known*)

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/10/19
MM / DD / YYYY

X [signature]
Signature of authorized representative of debtor

**Gregory J. Osberg**
Printed name

Title Chief Executive Officer

**18. Signature of attorney**

X [signature]
Signature of attorney for debtor

Date 03/10/19
MM / DD / YYYY

**Kenneth J. Enos**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 571-6600** Email address kenos@ycst.com

**4544 DE**
Bar number and State

# SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below including the Debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company | Tax ID # |
|---|---|
| New Publishing Holdings, Inc. | 20-2964101 |
| F+W Media, Inc. | 20-2955953 |
| F+W Subscription Services, LLC | 27-1053663 |
| F+W Trade Show & Events, LLC | 27-0460268 |
| F+W OH e-Commerce, LLC | 27-1053762 |
| Former Quilting Inc. | 02-0517854 |
| The Writers Store, Inc. | 26-3386951 |
| F & W Media International Limited | UK Registered No. 04003207 |
| F+W NH e-Commerce, LLC | 46-5759731 |

**UNANIMOUS WRITTEN CONSENT**
**OF THE**
**BOARD OF DIRECTORS**
**OF**
**NEW PUBLISHING HOLDINGS, INC.**
**a Delaware corporation**

MARCH 7, 2019

The undersigned, being all of the members of the Board of Directors (the "Board") of New Publishing Holdings, Inc., a Delaware corporation ("Holdings"), hereby consents that the actions recited herein shall be deemed the actions of the Board with the same effect as if taken at a duly noticed and called meeting of the Board, and direct that this writing be filed with the minutes of proceedings of that Board--all pursuant to the provisions of Section 141(f) of the General Corporation Law of the State of Delaware:

**WHEREAS**, Holdings is the sole stockholder of F+W Media, Inc., a Delaware corporation ("F+W Media");

**WHEREAS**, F+W Media is the sole member or shareholder, as applicable, of each of F+W Subscription Services, LLC, a Delaware limited liability company, F+W Trade Show & Events, LLC, a Delaware limited liability company, F+W OH e-Commerce, LLC, a Delaware limited liability company, Former Quilting Inc., a Delaware corporation, The Writers Store, Inc., a California corporation, and F&W Media International Limited, a limited company registered in the United Kingdom (collectively, the "Subsidiaries");

**WHEREAS**, Former Quilting Inc. is the sole member of F+W NH e-Commerce, LLC, a Delaware limited liability company (together with Holdings, F+W, and the Subsidiaries, each a "Company" and jointly, the "Companies"); and

**WHEREAS**, it has been proposed that each of the Companies seek to restructure by seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT RESOLVED**, based on factors and information deemed relevant to the Board, in the judgment of the Board, it is desirable and in the best interests of each of the Companies, their creditors, and other interested parties that a petition (the "Petition") be filed pursuant to chapter 11 of the Bankruptcy Code on behalf of the Companies;

**FURTHER RESOLVED**, that the filing of a voluntary petition on behalf of the Companies be, and the same hereby is, approved and adopted in all respects and that any officer of the Companies (each, an "Officer" and collectively, the "Officers"), be and each hereby is, authorized and empowered on behalf of each Company, respectively, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as such Officer may determine;

**FURTHER RESOLVED**, that each of the Officers, be and hereby are, authorized to (a) execute and file all petitions, schedules of assets and liabilities, statements of financial affairs, lists, and other papers to take any and all related actions that such Officers may deem necessary

or proper in connection with such chapter 11 case(s), (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petition and to administer the Companies' chapter 11 cases in such form or forms as such Officer may deem necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts as such Officer deems necessary or proper to accomplish the purposes of the resolutions;

**FURTHER RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), shall be, and hereby is, authorized, empowered, and directed to represent the Companies, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against the Companies under the Bankruptcy Code, and to (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petition or any ancillary document as an Officer deems necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications, and other papers or documents necessary or proper in connection with the foregoing, and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Companies' chapter 11 cases in form or forms as any Officer may deem necessary or proper and in order to effectuate the purpose of the intent of the foregoing resolutions;

**FURTHER RESOLVED**, that Greenhill & Co. ("Greenhill") be, and hereby is, authorized, empowered, and directed to represent each Company as its investment banker in connection with any case commenced by the Companies under the Bankruptcy Code;

**FURTHER RESOLVED**, that FTI Consulting ("FTI") be, and hereby is, authorized, empowered, and directed to represent each Company as its financial advisor in connection with any case commenced by the Companies under the Bankruptcy Code;

**FURTHER RESOLVED**, that Epiq Corporate Restructuring, LLC ("Epiq" and together with Young Conaway, Greenhill and FTI, collectively, the "Advisors") be, and hereby is, authorized, empowered, and directed to represent each Company as its claims and administrative agent in connection with any case commenced by the Companies under the Bankruptcy Code;

**FURTHER RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advise the Companies' rights and obligations and facilitate the commencement of any case commenced by the Companies under the Bankruptcy Code;

**FURTHER RESOLVED**, that in connection with the commencement of the chapter 11 case by the Companies, any Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of each Company, respectively, as debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Companies' chapter 11 cases, which agreement(s) may require the Companies to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Companies' existing lender(s); and in connection therewith, any Officer is hereby authorized and directed to execute appropriate agreements and related ancillary documents;

**FURTHER RESOLVED**, that in connection with the commencement of the chapter 11 cases by the Companies, any Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of each Company, respectively, as debtor and debtor in possession, to negotiate, execute, and obtain post-petition financing, including under debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing; and in connection therewith, any Officer is hereby authorized and directed to execute appropriate loan agreements and related ancillary documents;

**FURTHER RESOLVED,** that any Officer shall be, and hereby is, authorized, directed and empowered, in the name and on behalf of each Company, respectively, as debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of, and that such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents as such Officer may deem necessary or proper to facilitate the transactions contemplated by these resolutions; and

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken prior to the date hereof by any Officer or any professionals engaged by the Companies with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Companies' chapter 11 cases or any proceedings related thereto, or any matter related thereto, be and hereby are, adopted, approved, ratified, and confirmed in all respects as the acts and deeds of the Companies as if such acts and deeds took place after the date of these resolutions.

*[Signature Page Follows]*

The Written Consent shall be filed in the Minute Books of Holdings and F+W Media and shall become a part of the records of Holdings and F+W Media.

DIRECTORS:

Name: Gregory J. Osberg

Name: Tim Daileader

**UNANIMOUS WRITTEN CONSENT**
**OF THE**
**BOARD OF DIRECTORS**
**OF**
**F+W MEDIA, INC.**
**a Delaware corporation**

MARCH 7, 2019

The undersigned, being all of the members of the Board of Directors (the "Board") of F+W Media, Inc., a Delaware corporation ("F+W Media"), hereby consent that the actions recited herein shall be deemed the actions of the Board with the same effect as if taken at a duly noticed and called meeting of the Board, and direct that this writing be filed with the minutes of proceedings of that Board--all pursuant to the provisions of Section 141(f) of the General Corporation Law of the State of Delaware:

**WHEREAS**, F+W Media is the sole member or shareholder, as applicable, of each of F+W Subscription Services, LLC, a Delaware limited liability company, F+W Trade Show & Events, LLC, a Delaware limited liability company, F+W OH e-Commerce, LLC, a Delaware limited liability company, Former Quilting Inc., a Delaware corporation, The Writers Store, Inc., a California corporation, and F&W Media International Limited, a limited company registered in the United Kingdom (collectively, the "Subsidiaries");

**WHEREAS**, Former Quilting Inc. is the sole member of F+W NH e-Commerce, LLC, a Delaware limited liability company (together with Holdings, F+W, and the Subsidiaries, each a "Company" and jointly, the "Companies"); and

**WHEREAS**, it has been proposed that each of the Companies seek to restructure by seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT RESOLVED**, based on factors and information deemed relevant to the Board, in the judgment of the Board, it is desirable and in the best interests of each of the Companies, their creditors, and other interested parties that a petition (the "Petition") be filed pursuant to chapter 11 of the Bankruptcy Code on behalf of the Companies;

**FURTHER RESOLVED**, that the filing of a voluntary petition on behalf of the Companies be, and the same hereby is, approved and adopted in all respects and that any officer of the Companies (each, an "Officer" and collectively, the "Officers"), be and each hereby is, authorized and empowered on behalf of each Company, respectively, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as such Officer may determine;

**FURTHER RESOLVED**, that each of the Officers, be and hereby are, authorized to (a) execute and file all petitions, schedules of assets and liabilities, statements of financial affairs, lists, and other papers to take any and all related actions that such Officers may deem necessary or proper in connection with such chapter 11 case(s), (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petition and to administer the Companies' chapter 11 cases in such form or forms as such Officer may deem

necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts as such Officer deems necessary or proper to accomplish the purposes of the resolutions;

**FURTHER RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), shall be, and hereby is, authorized, empowered, and directed to represent the Companies, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against the Companies under the Bankruptcy Code, and to (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petition or any ancillary document as an Officer deems necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications, and other papers or documents necessary or proper in connection with the foregoing, and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Companies' chapter 11 cases in form or forms as any Officer may deem necessary or proper and in order to effectuate the purpose of the intent of the foregoing resolutions;

**FURTHER RESOLVED**, that Greenhill & Co. ("Greenhill") be, and hereby is, authorized, empowered, and directed to represent each Company as its investment banker in connection with any case commenced by the Companies under the Bankruptcy Code;

**FURTHER RESOLVED**, that FTI Consulting ("FTI") be, and hereby is, authorized, empowered, and directed to represent each Company as its financial advisor in connection with any case commenced by the Companies under the Bankruptcy Code;

**FURTHER RESOLVED**, that Epiq Corporate Restructuring, LLC ("Epiq" and together with Young Conaway, Greenhill and FTI, collectively, the "Advisors") be, and hereby is, authorized, empowered, and directed to represent each Company as its claims and administrative agent in connection with any case commenced by the Companies under the Bankruptcy Code;

**FURTHER RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advise the Companies' rights and obligations and facilitate the commencement of any case commenced by the Companies under the Bankruptcy Code;

**FURTHER RESOLVED**, that in connection with the commencement of the chapter 11 cases by the Companies, any Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of each Company, respectively, as debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Companies' chapter 11 cases, which agreement(s) may require the Companies to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Companies' existing lender(s); and in connection therewith, any Officer is hereby authorized and directed to execute appropriate agreements and related ancillary documents;

**FURTHER RESOLVED**, that in connection with the commencement of the chapter 11 cases by the Companies, any Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of each Company, respectively, as debtor and debtor in

possession, to negotiate, execute, and obtain post-petition financing, including under debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing; and in connection therewith, any Officer is hereby authorized and directed to execute appropriate loan agreements and related ancillary documents;

**FURTHER RESOLVED**, that the respective limited liability company agreement of each of F+W Subscription Services, LLC, a Delaware limited liability company, F+W Trade Show & Events, LLC, a Delaware limited liability company, and F+W OH e-Commerce, LLC, a Delaware limited liability company, is hereby amended to include the language set forth on Exhibit A attached hereto following the last paragraph of such limited liability company agreement.

**FURTHER RESOLVED**, that the limited liability company agreement of F+W Subscription Services, LLC, a Delaware limited liability company is hereby amended by deleting Section 7(b) thereof.

**FURTHER RESOLVED,** that any Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of each Company, respectively, as debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of, and that such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents as such Officer may deem necessary or proper to facilitate the transactions contemplated by these resolutions; and

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken prior to the date hereof by any Officer or any professionals engaged by the Companies with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Companies' chapter 11 cases or any proceedings related thereto, or any matter related thereto, be and hereby are, adopted, approved, ratified, and confirmed in all respects as the acts and deeds of the Companies as if such acts and deeds took place after the date of these resolutions.

*[Signature Page Follows]*

The Written Consent shall be filed in the Minute Book of F+W Media and each of the Subsidiaries and shall become a part of the records of F+W Media and each of the Subsidiaries.

DIRECTORS:

Name: Gregory J. Osberg

Name: Tim Daileader

EXHIBIT A

Notwithstanding any provision of this Agreement to the contrary, the Bankruptcy of a Member shall not cause such Member to cease to be a member of the Company and upon the occurrence of such an event, the Company shall continue without dissolution. For purposes of this Agreement, "Bankruptcy" shall mean with respect to any Person, (A) if such Person (i) makes an assignment for the benefit of creditors, (ii) files a voluntary petition in bankruptcy, (iii) is adjudged a bankrupt or insolvent, or has entered against it an order for relief, in any bankruptcy or insolvency proceedings, (iv) files a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation or similar relief under any statute, law or regulation, (v) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against it in any proceeding of this nature, or (vi) seeks, consents to or acquiesces in the appointment of a trustee, receiver or liquidator of the Person or of all or any substantial part of its properties, or (B) if 120 days after the commencement of any proceeding against the Person seeking reorganization, arrangement, composition, readjustment, liquidation or similar relief under any statute, law or regulation, if the proceeding has not been dismissed, or (C) if within 90 days after the appointment without such Person's consent or acquiescence of a trustee, receiver or liquidator of such Person or of all or any substantial part of its properties, the appointment is not vacated or stayed, or within 90 days after the expiration of any such stay, the appointment is not vacated. The foregoing definition of "Bankruptcy" is intended to replace and shall supersede and replace the definition of "Bankruptcy" set forth in Sections 18-101(1) and 18-304 of the Act.

Notwithstanding any provision of this Agreement to the contrary, the Company may put into effect and carry out any decrees and orders of a court or judge having jurisdiction over a proceeding pursuant to the Federal Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or any successor statute, in which proceeding an order for relief has been entered with respect to the Company, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by the Company's managers, if any, or members.

**Fill in this information to Identify the case:**

Debtor Name: F+W Media, Inc., et al.

United States Bankruptcy Court for the: District of Delaware

Case Number (If known): 19-_____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LSC COMMUNICATIONS US, LLC<br>PO BOX 932987<br>CLEVELAND, OH 44193 | PHONE: 630-322-6694; 630-821-3119<br>kristen.m.polewski@lsccom.com | TRADE DEBT | | | | $2,731,095.96 |
| 2 | ORACLE AMERICA, INC<br>PO BOX 203448<br>DALLAS, TX 75320-3448 | PHONE: 888-803-7414 | SOFTWARE SUBSCRIPTION | | | | $952,582.75 |
| 3 | PALM COAST DATA<br>FINANCE 11 COMMERCE BLVD<br>PALM COAST, FL 32164 | PHONE: 386-445-4662 | SOFTWARE SUBSCRIPTION | | | | $729,025.72 |
| 4 | ADOBE SYSTEMS, INC<br>75 REMITTANCE DR SUITE 1025<br>CHICAGO, IL 60675-1025 | PHONE: 385-345-1132<br>ababcock@adobe.com | TRADE DEBT | | | | $695,233.68 |
| 5 | RR DONNELLEY ASIA PRINTING SOLUTIONS<br>23/F DELTA HOUSE 3 ON YIU ST<br>NEW TERRITORIES, HONG KONG<br>HONG KONG | CONTACT: JESSY ZHOU<br>jessy.j.zhou@rrd.com | TRADE DEBT | | | | $689,626.88 |
| 6 | HAWTHORNE ASSOCIATES LP<br>3000 NORTHWOODS PKWY SUITE 260<br>NORCROSS, GA 30071 | PHONE: 678-596-6634<br>Matt@oadevelopment.com | LEASE | | | | $486,138.34 |
| 7 | DOVER PUBLICATIONS GENERAL (UK)<br>31 EAST 2ND STREET<br>MINEOLA, NY 11501 | PHONE: 516-294-7000 | TRADE DEBT | | | | $400,723.07 |

Debtor: F+W Media, Inc., et al. Case Number (if known): 19-_____01

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | PROCIRC, LLC<br>PO BOX 90002<br>PRESCOTT, AZ 86304-9002 | CONTACT: MARGARET OHALLORAN<br>PHONE: 704-348-8072<br>margaret.o'halloran@pubworx.com | TRADE DEBT | | | | $377,386.88 |
| 9 | VIRTUSA CORPORATION<br>25512 NETWORK PLACE<br>CHICAGO, IL 60673-1255 | virtusabilling@virtusa.com | TRADE DEBT | | | | $288,769.46 |
| 10 | NATL FRAME BUILDERS ASSOC.<br>PO BOX 3781<br>OAK BROOK, IL 60522 | PHONE: 800-557-6957<br>info@nfba.org | TRADE DEBT | | | | $251,710.60 |
| 11 | EXECUTIVE MAILING SERVICE<br>7855 W 111TH ST<br>PALOS HILLS, IL 60465 | PHONE: 708-974-0100 | TRADE DEBT | | | | $206,007.46 |
| 12 | GEN3 MARKETING, LLC<br>960B HARVEST DR, SUITE 210<br>BLUE BELL, PA 19422 | PHONE: 215-646-1869<br>accountsreceivable@gen3marketing.com | TRADE DEBT | | | | $184,137.10 |
| 13 | OCTOPUS PUBLISHING GROUP LTD<br>ATTN: MR. T. NEWELL<br>CARMELITE HOUSE, 50 VICTORIA EMBANKMENT<br>LONDON, GB EC4Y 0DZ<br>UK | PHONE: 0203-122-6000<br>Ltony.newell@octopusbooks.co.uk | TRADE DEBT | | | | $182,625.46 |
| 14 | HACKETT GROUP INC, THE<br>1001 BRICKELL BAY DRIVE, SUITE 3000<br>MIAMI, FL 33131 | PHONE: 305-375-8005<br>accountsreceivables@thehackettgroup.com | PROFESSIONAL SERVICES | | | | $162,152.85 |
| 15 | QUARTO PUBLISHING PLC<br>THE OLD BREWERY 6 BLUNDELL ST<br>LONDON, GB N7 9BH<br>UK | PHONE: 0203-122-6000<br>farah.akhtar@quarto.com;<br>steve.grace@quarto.com;<br>karen.jenkins@quarto.com | TRADE DEBT | | | | $138,579.25 |
| 16 | AERO FULFILLMENT SERVICES<br>PO BOX 444<br>KINGS MILL, OH 45034-0444 | CONTACT: EMILY JONES-GMEREK<br>PHONE: 513-459-3900<br>emily.jones@aerofulfillment.com | TRADE DEBT | | | | $130,903.16 |
| 17 | 1140 LLC<br>PO BOX 6197<br>HICKSVILLE, NY 11802-6197 | CONTACT: EVA MULLER<br>PHONE: 212-716-3626<br>eva.muller@colliers.com | LEASE | | | | $129,616.67 |
| 18 | THOUGHT INDUSTRIES, INC<br>C/O CAMACHO FINANCIAL<br>1253 WORCESTER RD<br>FRAMINGHAM, MA 01701 | PHONE: 617-307-5080<br>sarah@thoughtindustries.com | SOFTWARE SUBSCRIPTION | | | | $128,000.00 |
| 19 | PCM, INC<br>FILE 55327<br>LOS ANGELES, CA 90074-5327 | CONTACT: JEHOSAPHATREI PADAYAO<br>PHONE: 800-700-1000<br>jehosaphatrei.padayao@pcm.com | TRADE DEBT | | | | $112,568.67 |
| 20 | ZINIO, LLC<br>75 REMITTANCE DR.<br>DEPT. 6825<br>CHICAGO, IL 60675-6825 | PHONE: 888-946-4666 | TRADE DEBT | | | | $109,294.02 |

Debtor: F+W Media, Inc., et al. Case Number (if known): 19-_____01

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | LITTLE BEAR PCS, LLC<br>37 MAGNOLIA AVENUE<br>GLOUCESTER, MA 01930 | CONTACT: PAUL STANLEY<br>PHONE: 978-525-3454 | LEASE | | | | $109,000.00 |
| 22 | MIDTC, LLC<br>21811 ADVOCATES CT<br>CORNELIUS, NC 28031 | PHONE: 704-897-6048<br>andrew@midtc.com | PROFESSIONAL SERVICES | | | | $102,391.11 |
| 23 | COUNTERSPACE TECHNOLOGIES, INC<br>139 BETSY BROWN ROAD<br>PORT CHESTER, NY 10573 | PHONE: 914-481-4992<br>brett.collins@counterspace.us; christina@counterspace.us | PROFESSIONAL SERVICES | | | | $98,321.83 |
| 24 | THREE Z PRINTING CO<br>PO BOX 782878<br>PHILADELPHIA, PA 19178-2878 | CONTACT: CHAD ZERRUSEN<br>PHONE: 217-857-3153<br>invoice@threez.com | TRADE DEBT | | | | $97,570.85 |
| 25 | OAKRIDGE INNOVATION LLP<br>PO BOX 271519<br>FORT COLLINS, CO 80527 | CONTACT: LANA SCHUELER<br>PHONE: 970-225-0183<br>lanaschueler@msn.com | TRADE DEBT | | | | $89,591.94 |
| 26 | BRICKYARD REALTY TRUST<br>84 SHERMAN STREET<br>CAMBRIDGE, MA 02140 | CONTACT: SARAH HORWITZ<br>PHONE: 617-497-4400; 617-497-3300<br>shorwitz@irb-re.com | LEASE | | | | $85,461.06 |
| 27 | LINDENMEYR CENTRAL<br>DIV. OF CENTRAL NATIONAL GOTTESMAN INC.<br>PO BOX 100431<br>ATLANTA, GA 30384-0431 | CONTACT: KEVON GIBBS<br>PHONE: 914-696-9300<br>kgibbs@cng-inc.com | TRADE DEBT | | | | $82,024.05 |
| 28 | GRANTHAM BOOK SERVICE<br>DISTRIBUTION CENTRE,<br>COLCHESTER,<br>ESSEX, GB CO7 7DW<br>UK | CONTACT: ED BALDWIN<br>PHONE: 01206 255634<br>ebaldwin@tbs-ltd.co.uk | TRADE DEBT | | | | $81,803.92 |
| 29 | ENVELOPE 1, INC.<br>41969 STATE ROUTE 344<br>COLUMBIANA, OH 44408 | PHONE: 330-482-3900 | TRADE DEBT | | | | $74,709.20 |
| 30 | NPD GROUP, INC THE<br>900 WEST SHORE ROAD<br>PORT WASHINGTON, NY 11050 | CONTACT: CLAUDIA SANTARE<br>PHONE: 516-625-2389<br>Claudia.Santare@npd.com; accounts.receivable@ndp.com | TRADE DEBT | | | | $73,991.50 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| F+W MEDIA, INC., *et al.*,[1] | Case No. 19-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS
PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, F+W Media, Inc. ("F+W Media"), a Delaware corporation, and certain of its affiliates, who are each debtors and debtors in possession in the above-captioned cases (each a "Debtor"), hereby state as follows:

1. New Publishing Holdings, Inc. is the direct or indirect parent of each of the other Debtors. New Publishing Holdings, Inc. is 100% owned by non-Debtor New Publishing Holdings Parent, LLC

2. The Debtors listed below are each 100% owned by F+W Media:

- F+W Subscription Services, LLC
- F+W Trade Show & Events, LLC
- F+W OH e-Commerce, LLC
- Former Quilting Inc.
- The Writers Store, Inc.
- F & W Media International Limited

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: New Publishing Holdings, Inc. (4101); F+W Media, Inc. (5953); F+W Subscription Services, LLC (3663); F+W Trade Show & Events, LLC (0268); F+W OH e-Commerce, LLC (3762); Former Quilting Inc. (7854); The Writers Store, Inc. (6951); F& W Media International Limited (UK Registered No. 04003207); and F+W NH e-Commerce, LLC (9731). The headquarters for the above-captioned Debtors is 1140 Broadway, 14th Floor, New York, New York 10001.

3. The Debtor listed below is 100% owned by Former Quilting Inc.:

- F+W NH e-Commerce, LLC

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | F+W Media, Inc., *et al.* | |
| United States Bankruptcy Court for the: ________ District of | Delaware (State) | |
| Case number (If known): | ________ | |

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors** **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ________
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☒ Other documentation that requires a declaration Combined Corporate Ownership Statement and List of Equity Interest Holders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/10/19

X ________________________
Signature of individual signing on behalf of debtor

Gregory J. Osberg
Printed name

Chief Executive Officer
Position or relationship to debtor

01:24185120.2