**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| F+W MEDIA, INC., *et al.*,[1] | Case No. 19-10479 (KG) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 79** |

**ORDER (I) APPROVING (A) BIDDING PROCEDURES FOR THE SALE OF THE
DEBTORS' ASSETS RELATED TO THE F+W BOOKS BUSINESS LINE; AND
(B) FORM AND MANNER OF NOTICES RELATED THERETO; AND
(II) SCHEDULING DATES TO CONDUCT AUCTION AND HEARING TO
CONSIDER FINAL APPROVAL OF SALE, INCLUDING TREATMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (the "Debtors") for the entry of (i) an order (this "Bidding Procedures

Order"):  (a) approving the proposed bidding procedures attached as **Exhibit 1** to this Bidding

Procedures Order (the "Bidding Procedures"), to govern the sale (the "Sale") of substantially all

of the assets related to the Debtors' going-concern business of F+W Books (the "Acquired

Assets"); (b) establishing procedures for the assumption and assignment of executory contracts

and unexpired leases, including notice of proposed cure amounts (the "Assumption and

Assignment Procedures"); (c) approving the form and manner of notice with respect to certain

procedures, protections, schedules, and agreements described herein and attached hereto;

(d) scheduling a final hearing (the "Sale Hearing") to approve the Sale; and (e) granting related

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  New Publishing Holdings, Inc. (4101); F+W Media, Inc. (5953); F+W Subscription Services, LLC (3663); F+W Trade Show & Events, LLC (0268); F+W OH e-Commerce, LLC (3762); Former Quilting Inc. (7854); The Writers Store, Inc. (6951); F & W Media International Limited (UK Registered No. 04003207); and F+W NH e-Commerce, LLC (9731).  The headquarters for the above-captioned Debtors is 1140 Broadway, 14th Floor, New York, New York 10001.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion or the Bidding Procedures, as applicable.

relief, and (ii) at the Sale Hearing, an order (a "Sale Order"), a proposed form of which will be filed no later than seven (7) days prior to the Sale Objection Deadline (as defined below), (x) authorizing the sale of the Acquired Assets free and clear of liens, claims, interests, and encumbrances (collectively, the "Interests") with any such Interests to attach to the proceeds thereof with the same validity, extent, and priority (under the Bankruptcy Code) as such Interests had immediately prior to the consummation of the Sale; (y) authorizing the assumption and assignment of certain executory contracts and unexpired leases; and (z) granting related relief, all as more fully described in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **THE COURT HEREBY FINDS THAT**:

A.      The findings of fact and conclusions of law herein constitute this Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent any findings of facts are conclusions of law,

they are adopted as such.  To the extent any conclusions of law are findings of fact, they are adopted as such.

B.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.        The statutory bases for the relief requested in the Motion are sections 105, 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014, and Local Rule 6004-1.  The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Bidding Procedures Order is in the best interests of the Debtors and their respective estates, creditors, and other parties-in-interest.

D.        Notice of the Motion, the Bidding Procedures hearing, and the proposed entry of this Bidding Procedures Order was adequate and sufficient under the circumstances of the Chapter 11 Cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Notice of the Motion has been given to: (i) all entities known to have expressed an interest in a transaction with respect to some or all of the Debtors' assets during the past six (6) months; (ii) all entities known to have asserted any Interest in or upon any of the Acquired Assets; (iii) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by this Motion; (iv) known counterparties to any unexpired leases or executory contracts that could potentially be assumed and assigned to the Successful Bidder; (v) the Office of the United States Trustee for the District of Delaware; (vi) the Committee; (vii) the Debtors' pre- and post-petition lenders; (viii) the Securities & Exchange Commission; (ix) the Office of the United States Attorney General for the District of Delaware; (x) the Internal Revenue Service; (xii) the U.S.

Department of Justice; (xi) the offices of the attorneys general for the states in which the Debtors operate; and (xii) all parties entitled to notice pursuant to Local Rule 2002-1(b) (collectively, the "Notice Parties").   Accordingly, no further notice of the Motion or this Bidding Procedures Order is necessary or required.

E.      The Debtors have demonstrated a compelling and sound business justification for this Court to grant the relief as set forth herein, including, without limitation:  (i) approval of the Bidding Procedures; (ii) approval of the Assumption and Assignment Procedures; (iii) approval of the form and manner of notice of all procedures, protections, schedules, and agreements described in the Motion and attached thereto; (iv) the scheduling of a date for the Sale Hearing; and (v) all related relief as set forth herein.  Such compelling and sound business justification, which was set forth in the Motion and on the record at the hearing for such Motion, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

F.      The Bidding Procedures, in the form attached hereto as **Exhibit 1** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are fair, reasonable, and appropriate and represent the best method for maximizing the value of the Debtors' estates.

G.      The Motion and the Assumption and Assignment Notice are reasonably calculated to provide counterparties to the Assigned Contracts with proper notice of the intended assumption and assignment of their executory contracts or unexpired leases, any cure amounts relating thereto, and the Assumption and Assignment Procedures.

H.      The sale notice (the "Sale Notice") attached hereto as **Exhibit 2** is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of

the Acquired Assets, including, without limitation:  (i) the date, time, and place of the Auction (if

one is held); (ii) the Bidding Procedures; (iii) the deadline for filing objections to the Sale and

entry of the Sale Order, and the date, time, and place of the Sale Hearing; (iv) reasonably specific

identification of the assets to be sold; (v) instructions for promptly obtaining copies of the Asset

Purchase Agreement; (vi) a description of the Sale as being free and clear of liens, claims,

encumbrances, and other interests (except as set forth in the Sale Order and Asset Purchase

Agreement), with all such liens, claims, encumbrances, and other interests attaching with the

same validity and priority to the Sale proceeds; and (vii) notice of the proposed assumption and

assignment of Assigned Contracts to the Successful Bidder, and no other or further notice of the

Sale shall be required.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as provided herein.[3]

2.      All objections to the relief requested in the Motion that have not been withdrawn,

waived, or settled as announced to this Court at the hearing on the Motion or by stipulation filed

with this Court, are overruled.

**I.      Timeline for the Sale**

3.      The Debtors are authorized to proceed with the Sale in accordance with the

Bidding Procedures, which are attached to this Order as **Exhibit 1**, and are authorized to take any

and all actions reasonably necessary or appropriate to implement the Bidding Procedures in

accordance with the following timeline, and as more fully described herein:

| **Action** | **Deadline** |
| --- | --- |
| Deadline for the Debtors to serve the | 3 business days after entry of the Bidding |

---

[3]     Notwithstanding anything to the contrary herein, the consummation of the Sale is subject to entry of the Sale Order.

| **Action** | **Deadline** |
|---|---|
| Sale Notice | Procedures Order |
| Sale Objection Deadline | 4:00 p.m. (prevailing Eastern Time) on May 15, 2019 |
| Assumption and Assignment Objection Deadline<br>(Deadline to object to proposed assumption of the applicable Assigned Contract and proposed Cure Costs) | Fourteen days from the Assumption and Assignment Service Date |
| Bid Deadline | 5:00 p.m. (prevailing Eastern Time) on May 16, 2019 |
| Auction | 10:00 a.m. (prevailing Eastern Time) on May 20, 2019, if needed, at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, Delaware 19801 (or such other place and time as the Debtors timely communicate to all entities entitled to attend the Auction) |
| Deadline to Object to conduct of the Auction and Sale to a Successful Bidder (the "Auction Objection Deadline") | 10:00 a.m. (prevailing Eastern Time) on May 21, 2019 |
| Sale Hearing | 1:00 p.m. (prevailing Eastern Time) on May 22, 2019 |

4.     For the avoidance of doubt, the Debtors reserve the right, and are authorized, to modify the above timeline and the Bidding Procedures, in consultation with the Committee and the DIP Lenders, which consent shall not be unreasonably withheld, in accordance with the provisions of the Bidding Procedures, provided that a notice of any such modification will be filed with this Court and posted on the following website, https://dm.epiq11.com/#/case/FWM/info (the "Case Website").

## II.     The Bidding Procedures

5.     The Bidding Procedures are approved in their entirety.    The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.   The failure to specifically include or reference a particular provision of the

Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such provision.

6.      The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate, and designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interest.  As further described in the Bidding Procedures, the Bid Deadline shall be 5:00 p.m. (prevailing Eastern Time) on May 16, 2019. Any disputes or objections to the selection of Qualified Bids, Successful Bids, or Backup Bids (all as defined in the Bidding Procedures) shall be resolved by this Court at the Sale Hearing as set forth herein.

7.      The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures.  The Auction, to the extent that an Auction is necessary under the Bidding Procedures, shall take place at 10:00 a.m. (prevailing Eastern Time) on May 20, 2019 at the offices of the proposed counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, Delaware 19801 (or such other place and time as the Debtors timely communicate no later than 14 hours prior to the Auction, or as soon as reasonably practicable, to all entities entitled to attend the Auction).  Any objections to the conduct of the Auction and sale to a Successful Bidder must be filed by the Auction Objection Deadline and served on the Objection Recipients (as defined below).

8.      Any creditor with a valid and perfected lien on any of the Acquired Assets (each, a "Secured Creditor") shall have the right, subject in all respects to the Bankruptcy Code and other applicable law, to credit bid all or any portion of such Secured Creditor's allowed secured claims to the extent that such secured claims are valid and undisputed pursuant to section 363(k) of the Bankruptcy Code or other applicable law, and any such credit bid shall be deemed a

Qualified Bid, and any such Secured Creditor a Qualified Bidder, for all purposes hereof.  If a Secured Creditor, in accordance with section 363(k) of the Bankruptcy Code, purchases assets and subsequently this Court disallows all or any portion of the secured claims that comprises part of any such credit bid, the corresponding Successful Bid for the disallowed portion of such credit bid must instead be paid in cash.

9.      Following entry of this Order, the Debtors shall be authorized, but not obligated, in consultation with the Committee and the DIP Lenders, to select one or more potential bidders to act as a stalking horse bidder (a "Stalking Horse Bidder") for all or any portion of the Assets (which Stalking Horse Bidder may be the Lenders pursuant to a credit bid or otherwise), and may agree to offer such Stalking Horse Bidder(s) certain bid protections, including an expense reimbursement and/or a break-up fee (the "Bid Protections"); provided that any such Bid Protections shall be subject to approval by the Court, which the Debtors may seek on an expedited basis pursuant to section 105(a) of the Bankruptcy Code and Local Rule 9006-1(e).

### III.    Notice Procedures

10.     The Sale Notice attached hereto as **Exhibit 2** is hereby approved.

11.     On or before three (3) business days after entry of this Bidding Procedures Order, the Debtors will cause the Sale Notice to be sent by first-class mail postage prepaid to the Notice Parties and all known creditors of the Debtors.

12.     In addition to the foregoing, as soon as practicable, but in any event no later than seven (7) business days after the entry of this Bidding Procedures Order, the Debtors shall publish the Sale Notice (modified for publication, as necessary) once in the national edition of *The New York Times, USA Today*, or the *Wall Street Journal*.

13.     Service of the Sale Notice as described herein shall be sufficient and proper notice of the Sale with respect to known interested parties.  Publication of the Sale Notice as described

01:24283940.6

herein shall be sufficient and proper notice of the Sale to any other interested parties whose identities are unknown to the Debtors.

14.    No later than noon the next business day after the conclusion of the Auction, the Debtors shall file on the docket and post on the Case Website, but not serve, a notice identifying the Successful Bidder.

## IV.    Assumption and Assignment Procedures

15.    The Assumption and Assignment Procedures, which are set forth below, regarding the assumption and assignment of the executory contracts proposed to be assumed by the Debtors pursuant to section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder pursuant to section 365(f) of the Bankruptcy Code are hereby approved to the extent set forth herein.

*A.    Notice of Assumption and Assignment.*

16.    As soon as practicable following entry of this Bidding Procedures Order, (any such date, the "Assumption and Assignment Service Date") the Debtors shall file with this Court, and post on the Case Website, the Notice of Assumption and Assignment and, included therewith, a list (the "Assigned Contracts List") that specifies:  (i) each of the Debtors' executory contracts and unexpired leases that may be assumed and assigned in connection with the Sale (the "Assigned Contracts"), including the name of each non-Debtor counterparty to such Assigned Contract (the "Assigned Contract Counterparty"); and (ii) the proposed amount necessary, if any, to cure all monetary defaults, if any, under the proposed Assigned Contract (the "Cure Costs").  The Debtors shall serve, by first class mail, the Notice of Assumption and Assignment, in substantially the form attached hereto as **Exhibit 3**, and the Assigned Contracts List on each Assigned Contract Counterparty.  The Debtors shall serve on all parties that have requested notice pursuant to Bankruptcy Rule 2002, by first class mail, the Notice of Assumption

and Assignment without the Assigned Contracts List.  Service as set forth herein shall be deemed proper, due, timely, good, and sufficient notice and no other or further notice is necessary.

17.    An Assigned Contract Counterparty listed on the Notice of Assumption and Assignment may file an objection (an "Assigned Contract Objection") to the proposed assumption and assignment of the applicable Assigned Contract or the proposed Cure Costs.  All Assigned Contract Objections must (i) state, with specificity, the legal and factual basis for the objection as well as what Cure Costs are required, if any, (ii) include appropriate documentation in support thereof, and (iii) be filed and served on the Objection Recipients no later than 4:00 p.m. (prevailing Eastern Time) fourteen (14) days following the Assumption and Assignment Service Date (the "Assumption and Assignment Objection Deadline").

18.    If an Assigned Contract Counterparty files an Assigned Contract Objection in a manner that is consistent with the requirements set forth above, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid or reserved with respect to such objection will be determined at the Sale Hearing, such later hearing date that the Debtors determine in their discretion, or such other date determined by this Court.

19.    Notwithstanding anything in this Order to the contrary, unless Cigna Health and Life Insurance Company ("Cigna") and the Debtors agree otherwise, assumption and assignment of the Cigna Contracts (as identified in Cigna's objections [D.I. 132 & 133] to the Motion) shall not be considered or approved at any hearing unless, at least five (5) business days prior to such hearing, Cigna, through its counsel of record, is provided with:  (i) written notice of the Debtors' irrevocable decision as to whether or not they propose to assume and assign any or all of the Cigna    Contracts;    (ii)    the identity of the proposed assignee;    and (iii) adequate assurance

information for the proposed assignee, including a good faith estimate as to the number of employees of the Debtors who will become employees of the assignee.

      B.     *Supplemental Notice of Assumption and Assignment.*

20.     Following the conclusion of the Auction, if any, and the selection of the Successful Bidder, the Debtors reserve the right at any time after the Assumption and Assignment Service Date, before or after the closing of the Sale, to: (i) supplement the list of Assigned Contracts on the Notice of Assumption and Assignment with previously omitted Assigned Contracts; (ii) remove an Assigned Contract from the list of executory contracts and unexpired leases ultimately selected as an Assigned Contract that the Successful Bidder proposes be assumed and assigned to it in connection with the Sale or add to such list; and (iii) modify the previously stated Cure Cost associated with any Assigned Contract.

21.     In the event that the Debtors exercise any of the rights reserved in paragraph 20 above, the Debtors will promptly serve a supplemental notice of assumption and assignment by electronic transmission, hand delivery, or overnight mail on the Assigned Contract Counterparty, and its attorney, if known, to each impacted Assigned Contract at the last known address available to the Debtors (a "Supplemental Notice of Assumption and Assignment"). Each Supplemental Notice of Assumption and Assignment will include the same information with respect to listed proposed Assigned Contracts as was included in the Notice of Assumption and Assignment.

22.     Any Assigned Counterparty listed on a Supplemental Notice of Assumption and Assignment may file an objection (a "Supplemental Assigned Contract Objection") to the proposed assumption and assignment of the applicable Assigned Contract, the proposed Cure Costs, or the Successful Bidder's proposed form of adequate assurance of performance, if any. All Supplemental Assigned Contract Objections must: (i) state, with specificity, the legal and

factual basis thereof as well as what Cure Costs the objecting party believes are required, if any; (ii) include appropriate documentation in support of the objection; and (iii) be filed and served on the Objection Recipients no later than fourteen (14) days from the date of service of such Supplemental Notice of Assumption and Assignment (the "Supplemental Assumption and Assignment Deadline"), which date will be set forth in the Supplemental Notice of Assumption and Assignment.

23.     If an Assigned Contract Counterparty files a Supplemental Assigned Contract Objection in a manner that is consistent with the requirements set forth above, and the parties are unable to consensually resolve the dispute, the Debtors will seek an expedited hearing before this Court (a "Supplemental Assigned Contract Hearing") to determine the Cure Costs, if any, and approve the assumption of the relevant Assigned Contracts.  If there is no such objection, then the Debtors will obtain an order of this Court, including by filing a certification of no objection, (a "Supplemental Assigned Contract Order") fixing the Cure Costs and approving the assumption of any Assigned Contract listed on a Supplemental Notice of Assumption and Assignment.

C.     *Additional Notice of Assumption and Assignment Procedures.*

24.     If the Assigned Contract Counterparty does not file and serve a Assigned Contract Objection or Supplemental Assigned Contract Objection in a manner that is consistent with the requirements set forth above, and absent a subsequent order of this Court in connection with such objection establishing an alternative Cure Cost, (i) the Cure Costs, if any, set forth in the Notice of Assumption and Assignment (or Supplemental Notice of Assumption and Assignment) shall be controlling, notwithstanding anything to the contrary in any Assigned Contract or any other document, and (ii) the Assigned Contract Counterparty will be deemed to have consented to the assumption and assignment of the Assigned Contract and the Cure Costs, if any, and will be

forever barred from asserting any other claims related to such Assigned Contract, other than additional amounts on account of a default occurring between the service of the Assigned Contract Objection and the assumption of the Assigned Contract, against the Debtors or the Successful Bidder, or the property of any of them.

25.     Any objections to the Successful Bidder's proposed form of adequate assurance of future performance or other proposed terms of a sale to the Successful Bidder must be filed and served on the Objection Recipients by the later of (i) the Auction Objection Deadline, which is 10:00 a.m. (prevailing Eastern Time) on May 21, 2019, and (ii) the Supplemental Assumption and Assignment Deadline, and will be resolved at the Sale Hearing or Supplemental Assigned Contract Hearing, as applicable, or, in the Debtors' discretion, adjourned to a later hearing.  To the extent a Stalking Horse Bidder is selected but is not the Successful Bidder at the Auction, Assigned Contract Counterparties may object to the Successful Bidder's proposed form of adequate assurance of future performance at the Sale Hearing.

26.     The inclusion of an Assigned Contract on the Notice of Assumption and Assignment (or Supplemental Notice of Assumption and Assignment) will not:  (i) obligate the Debtors to assume any Assigned Contract listed thereon or the Successful Bidder to take assignment of such Assigned Contract; or (ii) constitute any admission or agreement of the Debtors that such Assigned Contract is an executory contract.  Only those Assigned Contracts that are included on a schedule of assumed and acquired contracts attached to the final asset purchase agreement with the Successful Bidder (including amendments or modifications to such schedules in accordance with such asset purchase agreement) will be assumed and assigned to the Successful Bidder.

V.      **Sale Hearing.**

27.      A Sale Hearing to (i) approve the sale of the Acquired Assets to the Successful

Bidder and (ii) authorize the assumption and assignment of certain executory contracts and

unexpired leases shall be held at 1:00 p.m. (prevailing Eastern Time) on May 22, 2019, and may

be adjourned or rescheduled without notice other than the filing of a notice on this Court's

docket, which notice shall be posted on the Case Website.  At the Sale Hearing, the Debtors will

seek Bankruptcy Court approval of the Successful Bid and the Backup Bid.  The Sale Hearing

shall be an evidentiary hearing on matters relating to the Sale and there will be no further bidding

at the Sale Hearing.  In the event that the Successful Bidder cannot or refuses to consummate the

Sale, the Debtors may, in accordance with the Bidding Procedures, designate the Backup Bid to

be the new Successful Bid and the Backup Bidder to be the new Successful Bidder, and the

Debtors shall be authorized, but not required, to consummate the transaction with the Backup

Bidder without further order of the Bankruptcy Court.

28.      Any and all objections, if any, to the Sale and entry of the Sale Order (a "Sale

Objection"), other than Auction Objections, must be filed by 4:00 p.m. (prevailing Eastern Time)

on May 15, 2019 (the "Sale Objection Deadline") and served on:  (i) proposed counsel to the

Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street,

Wilmington, Delaware 19801, Attn: Kenneth J. Enos, Esq. (kenos@ycst.com) and Elizabeth S.

Justison, Esq. (ejustison@ycst.com); (ii) the Office of the United States Trustee for the District

of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Benjamin A.

Hackman, Esq. (Benjamin.A.Hackman@usdoj.gov); (iii) the Debtors' investment banker,

Greenhill & Co., LLC, 300 Park Ave., New York, New York 10022, Attn: Greg Miller

(gmiller@greenhill.com) and Brian Sargenti (brian.sargenti@greenhill.com); (iv) counsel to the

Debtors' post-petition lenders, Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New

York, New York 10005, Attn: Alan D. Halperin (ahalperin@halperinlaw.net); and (v) counsel to the Committee, Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, New York 10019, Attn: Jordana L. Renert (jordana.renert@arentfox.com) and Robert M. Hirsh (robert.hirsh@arentfox.com); Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com) (collectively (i)–(v), the "Objection Recipients").   Any party failing to timely file a Sale Objection or Auction Objection will be forever barred from objecting to the Sale and will be deemed to have consented to the Sale, including the transfer of the Debtors' right, title and interest in, to, and under the Acquired Assets free and clear of any and all Interests in accordance with the definitive agreement for the Sale.  The Debtors shall file a proposed form of Sale Order no later than seven (7) days prior to the Sale Objection Deadline.

**VI.    Miscellaneous.**

29.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order in accordance with the Motion.

30.    This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

31.    To the extent any of the deadlines set forth in this Bidding Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bidding Procedures Order shall govern.

32.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

33.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but

not limited to, any matter, claim, or dispute arising from or relating to the Bidding Procedures,

any Asset Purchase Agreement, and the implementation of this Bidding Procedures Order.

01:24283940.6      **Dated: April 15th, 2019**
                   **Wilmington, Delaware**

                                                **KEVIN GROSS**
                                                **UNITED STATES BANKRUPTCY JUDGE**